UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMBERIA MORTON                                                                                              PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:21-CV-223-DPJ-FKB

BAPTIST MEMORIAL HOSPITAL                                                                          DEFENDANT

ORDER

This civil action is before the Court on the Report and Recommendation [31] of Magistrate Judge F. Keith Ball. On April 2, 2021, Plaintiff Amberia Morton, proceeding pro se, filed this lawsuit against Baptist Memorial Hospital, claiming her medical records have been falsified and she has been denied surgery. Compl. [1] at 2; *see id.* (alleging the her "x-rays aren't showing the bones that are broken" and her "blood tests are misread and covered up").

Judge Ball, after liberally construing Plaintiff's pro se pleading and hearing testimony regarding the nature of Plaintiff's claim, concluded that the matter should be dismissed for lack of subject-matter jurisdiction. R&R [31] at 1 (noting a hearing was held on May 13, 2021). Stated simply, Judge Ball found that Plaintiff's claim did not present a federal question and diversity jurisdiction was lacking. *Id.*; *see* 28 U.S.C. §§ 1331,1332.

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). And courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 564 U.S. 500, 514 (2006). "We must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916. A failure to adequately allege a basis for federal jurisdiction requires dismissal. *Id.*; Fed. R. Civ. Pro. 12(h)(3).

Here, Judge Ball considered Plaintiff's Complaint and subsequent filings. In addition, he gave her an opportunity to explain her claims at the May 13, 2021 hearing before concluding that jurisdiction is lacking. *See* R&R [31] at 1 (noting Plaintiff's complaint is, "even with the most liberal construction, only a medical malpractice claim"). Plaintiff had an opportunity to object to his recommendation.

Plaintiff's subsequent filings [32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46] do not establish federal jurisdiction. Several focus on other lawsuits. For example, in her Objection [34], Plaintiff argues the merits of her claim in a separate lawsuit against Grenada Women's Clinic (3:21-CV-230). Obj. [37] at 3–4. And her filings that do mention Baptist Hospital merely reassert her desire for x-rays [42, 45].

The Court finds the R&R should be adopted as the opinion of the Court. This matter is dismissed for lack of subject-matter jurisdiction.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2021.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE